UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                          Chapter    11

HILLSBOROUGH HOLDINGS                           Case Nos. 89-9715-8P1
CORPORATION, et al.,                            through 89-9746-8P1
                                                and 90-11997-8P1
            Debtors.
_____/

UNITED STATES PIPE AND FOUNDRY
COMPANY, LLC, and MUELLER WATER
PRODUCTS, INC.

            Plaintiff,

      vs.                                       Adv. No.

RHODA EVANS, BOBBY EVANS,
ALYCE DORNER, REGINA DORNER,
WILLIAM DUANE DORNER and
GAETNO DORNER,

            Defendants.
_____/

**COMPLAINT FOR DECLARATORY JUDGMENT AS TO THE
DISCHARGEABILITY OF CLAIMS AND FOR MONEY DAMAGES**

Plaintiffs, UNITED STATES PIPE AND FOUNDRY COMPANY, LLC ("**U.S.
Pipe**" or the "**Debtor**") and MUELLER WATER PRODUCTS, INC. ("**MWPI**"), by and
through their undersigned attorneys, hereby file this Complaint for Declaratory Judgment
as to the Dischargeability of Claims and for Money Damages against RHODA EVANS,
BOBBY EVANS, ALYCE DORNER, REGINA DORNER, WILLIAM DUANE
DORNER and GAETNO DORNER (collectively, the "**Defendants**") and state:

## Nature of the Action

1.      U.S. Pipe, formerly a Debtor and Debtor in Possession, and MWPI, the current parent company of U.S. Pipe, bring this action pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure for an order determining that (i) the Defendants' claims have been discharged, (ii) the Defendants' actions in pursuing discharged claims against the Debtor and MWPI violate § 1141 of Title 11 of the United States Code (the "**Bankruptcy Code**") and this Court's Order Confirming Amended Plan of Reorganization (the "**Confirmation Order**") and (iii) U.S. Pipe and MWPI are entitled to recover damages on account of the Defendants' violation of the Debtor's discharge and the injunctions entered by this Court.

## Jurisdiction and Venue

2.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 in that it involves (i) matters involving the administration of the estate and (ii) determinations as to the dischargeability of particular debts.  In addition, this Court has jurisdiction under 28 U.S.C. § 1334(b) as a civil proceeding arising in or relating to the U.S. Pipe's Chapter 11 bankruptcy case.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a) as a proceeding arising in or relating to cases commenced in this district under the Bankruptcy Code.

## Parties

4.      Plaintiff, U.S. Pipe, was previously a wholly-owned subsidiary of Walter Industries, Inc. ("**Walter**").  Walter is a holding company.

5.      Plaintiff, MWPI is the current parent company of U.S. Pipe.

6.      Plaintiff, together with Walter and its subsidiaries (collectively, the "**Related Debtors**"), filed their Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code on December 27, 1989 (the "**Filing Date**"), in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "**Bankruptcy Court**").  The Amended Joint Plan of Reorganization dated as of December 9, 1994 (the "**Plan**") proposed by U.S. Pipe, the Related Debtors and other creditor proponents (collectively, the "**Plan Proponents**") was confirmed by the entry of the Confirmation Order on March 2, 1995 (the "**Confirmation Date**").

7.      Defendant, Rhoda Evans, is a plaintiff in the Evans State Court Action (as defined below).

8.      Defendant, Bobby Evans, is a plaintiff in the Evans State Court Action.

9.      Defendant, Alyce Dorner, is a plaintiff in the Dorner State Court Action (as defined below).

10.     Defendant, Regina Dorner, is a plaintiff in the Dorner State Court Action

11.     Defendant, William Duane Dorner, is a plaintiff in the Dorner State Court Action.

12.     Defendant, Gaetno Dorner, is a plaintiff in the Dorner State Court Action.

## Facts

13.     After the Filing Date, the Debtor filed Schedules and amendments thereto (collectively referred to as the "**Schedules**") which listed, among others, all persons involved in pending or threatened litigation as holding disputed claims.  The Schedules

filed by U.S. Pipe did not include any of the Defendants since, at that time, none of the Defendants had asserted a claim against the Debtor and U.S. Pipe was accordingly unaware of any such claims.

14.     On August 14, 1992, this Court entered an order establishing October 30, 1992 as the final date for filing claims (the "**Pre-Petition Claims Bar Date**") against the Debtor and the Related Debtors.

15.     Notice of the Pre-Petition Claims Bar Date (the "**Pre-Petition Claims Bar Date Notice**") was mailed to all creditors included on the Schedules.

16.     The Pre-Petition Claims Bar Date Notice was published in various newspapers throughout the country, including the national editions of *The Wall Street Journal* and *New York Times*.  A complete list of the newspapers in which the Pre-Petition Claims Bar Date was published, is attached hereto as Exhibit "A."

17.     U.S. Pipe did not send a copy of the Pre-Petition Claims Bar Date Notice to any of the Defendants as the Debtor was not aware of any claims asserted by any of the Defendants.  However, the Defendants received notice of the Pre-Petition Claims Bar Date by virtue of the publication of the Pre-Petition Claims Bar Date Notice.

18.     During the pendency of the case, two separate plans of reorganization were filed and this Court entered orders approving disclosure statements.  The Notice of Order (A) Approving Debtors' Disclosure Statement and Creditors' Disclosure Statement; (B) Establishing Procedures and Deadlines for Voting on and Objecting to the Debtors' Joint Plan of Reorganization and the Creditors' Joint Plan of Reorganization; (C) Fixing the Date of the Initial Confirmation Hearing and of the Scheduling of Related

Hearings and (D) Approving Related Relief--Dated August 2, 1994 (the "**Initial Confirmation Hearing Notice**") was published.  A complete list of the newspapers in which the Initial Confirmation Hearing Notice was published is attached hereto as Exhibit "B."

19.    The Plan Proponents filed their Plan on December 9, 1994.

20.    Section 12.2 and 12.3 set forth the provisions related to the Debtors' discharge and the injunctions to be issued on the Effective Date  of the Plan.

21.    The Plan Proponents caused the Notice of Order (A) Fixing a Hearing (1) to Consider Approval of the Disclosure Statement Supplement Relating to the Consensual Plan; (2) to Determine the Parties Entitled to Change Their Vote in Respect of the Consensual Plan and to Approve Procedures for Voting by Class U-7 Claimants; (3) to Fix a Claims Bar Date for Class U-7 Claims, and Approve the Form of Notice Thereof, and (4) to Approve Proposed Forms of Notice and Procedures in Respect of (a) the Certification of a Class of U-7 Creditors for Settlement Purposes, (b) the Approval of the Amended Veil Piercing Settlement Agreement and (c) Confirmation of the Consensual Plan; (B) Establishing the Deadline for Objecting to (1) the Disclosure Statement Supplement and (2) the Resolicitation Motion and (C) Approving Related Relief--Dated November 22, 1994 (the "**Disclosure Statement Hearing Notice**") to be published.

22.    On December 15, 1994, this Court entered its Order (A) Approving Disclosure Statement Supplement, (B) Establishing (1) Procedures and Deadlines Regarding Vote Changes by Qualifying Holders in Resolicitation Classes, Voting by

Class U 7, Additional Elections and Tabulation, (2) Procedures and Deadlines for Objecting to the Consensual Plan and the Amended Veil Piercing Settlement Agreement, and (3) the Date of the Hearing on Confirmation and on Approval of the Amended Veil Piercing Settlement Agreement, (C) Approving (1) the Form of Notice of the Hearing on Confirmation and Related Matters, and (2) the Vote Change Certification Forms, Additional Election Forms, Class U 7 Ballots Form and Related Materials, and (D) Granting Related Relief (the "**Second Confirmation Hearing Notice**").

23.     The Second Confirmation Hearing Notice was published in various newspapers throughout the country, including the national editions of *The Wall Street Journal* and *New York Times*.  A complete list of the newspapers in which the Second Confirmation Hearing Notice was published, is attached hereto as Exhibit "C."

24.     At the same time, the Plan Proponents, including the Debtor, caused the Summary Notice for Publication Regarding Proceedings on Confirmation of Consensual Plan of Reorganization and Approval of Veil Piercing Settlement--Dated December 16, 1994 (the "**Veil Piercing Notice**") to be published.

25.     U.S. Pipe did not send a copy of the Initial Confirmation Hearing Notice, Disclosure Statement Hearing Notice, the Second Confirmation Hearing Notice or the Veil Piercing Notice to any of the Defendants inasmuch as the Debtor was unaware of any claims asserted by any of the Defendants.  Furthermore, the Defendants received notice of the need to file administrative claims by virtue of the publication of the Initial Confirmation Hearing Notice, Disclosure Statement Hearing Notice, the Second Confirmation Hearing Notice or the Veil Piercing Notice.

6

26.     This Court entered the Confirmation Order on the Confirmation Date.  The
Confirmation Order provided, among other things, for the discharge of claims arising
before the Effective Date and enjoined holders of claims from pursuing released parties
(as defined in the Plan) on account of such claims.

27.     On March 20, 1995, the Clerk of the Bankruptcy Court signed a Notice of
Entry of Order Confirming Amended Joint Plan of Reorganization Dated as of December
9, 1994, as Modified (the "**Notice**").  The Notice specifically provided that "any requests
for Allowance of Administrative Claims must be filed no later than April 17, 1995" (the
"**Administrative Claims Bar Date**").

28.     In May of 2006, U.S. Pipe was a wholly-owned subsidiary of Walter, one
of the Related Debtors.

29.     MWPI was created to hold three operating segments, one of which was
U.S. Pipe.  In May of 2006, Walter completed an initial public offering at the Class A
common stock of MWPI and, in December of 2006, the remaining shares of MWPI held
by Walter were distributed to Walter's public stockholders.

30.     Pursuant to § 1141(d) of the Bankruptcy Code and the Confirmation
Order, the Debtor, as of March 20, 1995, was discharged of all claims arising before the
Confirmation Date.

## State Court Litigation

31.     Defendants, Rhoda Evans and Bobby Evans, filed their Complaint for
Damages (the "**Evans State Court Complaint**") initiating litigation (the "**Evans State
Court Action**") against the Debtor, MWPI and other defendants (the "**State Court**

**Defendants**") in the California state court.  A copy of the Evans State Court Complaint is attached hereto as Exhibit "D".

32.     Defendants, Alyce Dorner, Regina Dorner, William Duane Dorner and Gaetno Dorner, filed their Complaint for Damages (the "**Dorner State Court Complaint**") initiating litigation (the "**Dorner State Court Action**") against the State Court Defendants in the California state court.  A copy of the Dorner State Court Complaint is attached hereto as Exhibit "E".

33.     The Evans State Court Complaint seeks to recover unspecified damages against the State Court Defendants, including the Debtor, based on Rhoda Evans' alleged exposure to asbestos that allegedly resulted in mesothemelia and other lung damage. Bobby Evans also seeks to recover damages as Rhoda Evans' husband.  The Complaint alleges that the liability of the State Court Defendants is based on negligence, strict liability and loss of consortium.  The Evans State Court Complaint seeks to recover compensatory damages, special damages and punitive damages.

34.     The Dorner State Court Complaint seeks to recover unspecified damages against the State Court Defendants, including the Debtor, on account of William Dorner's alleged exposure to asbestos that alleged resulted in mesothemelia.  The plaintiffs in the Dorner State Court Action are the surviving spouse and children of William Dorner.  The Complaint alleges that the liability of the State Court Defendants is based on negligence, strict liability and loss of consortium.  The Dorner State Court Complaint seeks to recover compensatory damages, special damages and punitive damages.

35.     U.S. Pipe and MWPI deny that they are liable to the Defendants in any amount.

36.     Viewed in the context of U.S. Pipe's bankruptcy proceeding, the damages sought to be recovered by the Evans State Court Action and Dorner State Court Action fall in two categories.  First, the Evans State Court Action and the Dorner State Court Action seek to recover damages for claims accruing prior to December 27, 1989 (the "**Pre-Petition Claims**").  Second, the Evans State Court Action and the Dorner State Court Action seek to recover damages arising after the Filing Date but before the Confirmation Date (the "**Post-Petition Claims**").

## Count I

37.     U.S. Pipe and MWPI reallege by reference the allegations made in the preceding paragraphs.

38.     With respect to the Pre-Petition Claims, the Defendants allege that they incurred damages as a result of their alleged exposure prior to the Filing Date.  Therefore, any such alleged acts of exposure would have occurred prior to the Filing Date.

39.     With respect to the alleged injuries resulting from the alleged claims for exposure prior to the Filing Date, any damages which could be asserted against U.S. Pipe would be classified, as a matter of bankruptcy law, as pre-petition claims.

40.     The Defendants failed to file a claim prior to the Pre-Petition Claims Bar Date set by this Court and, therefore, the Defendants' Pre-Petition Claims against U.S. Pipe are discharged.

41.     U.S. Pipe and MWPI are entitled to the entry of a final judgment determining that the Pre-Petition Claims asserted by the Defendants have been discharged.

WHEREFORE, U.S. Pipe and MWPI respectfully request that this Court enter a final judgment declaring that the Pre-Petition Claims asserted in the Complaint have been discharged and for such other and further relief as may be just.

## Count II

42.     U.S. Pipe and MWPI reallege by reference the allegations made in the preceding paragraphs.

43.     With respect to the injuries resulting from the alleged claims for alleged exposure subsequent to the Filing Date, any damages which could be asserted against U.S. Pipe would be classified, as a matter of bankruptcy law, as Post-Petition claims.

44.     The Defendants failed to file a claim prior to the deadline for filing administrative claims and, therefore, the Defendants' Post-Petition Claims against U.S. Pipe are discharged.

45.     U.S. Pipe and MWPI are entitled to the entry of a final judgment determining that the Post-Petition Claims asserted by the Defendants have been discharged.

WHEREFORE, U.S. Pipe and MWPI respectfully request that this Court enter a final judgment declaring that the Post-Petition Claims asserted in the Complaint have been discharged and for such other and further relief as may be just.

### Count III

46.     U.S. Pipe and MWPI reallege by reference the allegations made in the preceding paragraphs.

47.     The Plan and Confirmation Order precluded parties from pursuing discharged claims against the Debtor and any other parties on account of such claims.  As such, MWPI is also entitled to protections of the Confirmation Order.

48.     The filing of the District Court Litigation violates the discharge provisions of the Confirmation Order and the Bankruptcy Code.

WHEREFORE, U.S. Pipe respectfully requests this Court enter an order declaring that the Defendants' actions violate U.S. Pipe's discharge and for such other and further relief as may be just.

### Count IV

49.     U.S. Pipe and MWPI reallege by reference the allegations made in the preceding paragraphs.

50.     Based on the violation of the U.S. Pipe's discharge and the violation of injunctions issued by this Court protecting U.S. Pipe and MWPI by virtue of the filing of the Complaint, the Debtor and MWPI are entitled to recover actual and punitive damages, including, but not limited to, the costs of bringing this action.

WHEREFORE, U.S. Pipe and MWPI respectfully request this Court enter an order awarding them actual and punitive damages and for such other and further monetary relief as may be just.

DATED:  September 8, 2009

/s/ Scott A. Stichter
Scott A. Stichter
Florida Bar No. 0710679
STICHTER, RIEDEL, BLAIN
  & PROSSER, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
(813) 229-0144
(813) 229-1811 FAX
ATTORNEYS FOR PLAINTIFFS
sstichter@srbp.com